```
Deed Book 46436 Pg 429
Filed and Recorded Mar-07-2008 12:00pm
        2008-0055663
Georgia Intangible Tax Paid $180.00
        Cathelene Robinson
        Clerk of Superior Court
        Fulton County, Georgia
```

After recording return to:
P    FACT RES
     First American Lenders Advantage
     1100 Superior Avenue, Ste 200
     Cleveland, Ohio 44114
     Attn: FT1120

9044819683 05998    *Tonya Fox* (signature)

# GEORGIA SECURITY DEED AND SECURITY AGREEMENT

/40484 9683

## (Equity Line of Credit)

THIS SECURITY DEED AND SECURITY AGREEMENT ("Security Deed") is made as of this __22nd__ day of __February, 2008__ by and between: __DEONEICO DONTE MING and TIFFANYE MADDOX MING__.

ADDRESS:                                            GRANTOR:

4820 GUILFORD FOREST DR SW                          GRANTEE

                                                    BRANCH BANKING AND TRUST COMPANY, a
                                                    North Carolina state banking corporation
ATLANTA, GA 30331-0000                              P.O. BOX 1290, Whiteville, NC 28472
                                                  ,
jointly and severally.

THE FOLLOWING INFORMATION APPLIES TO THIS SECURITY DEED:

1. This Security Deed secures an Equity Line of Credit and secures all present and future advances thereunder. Pursuant to the provisions of O.C.G.A.§ 44-14-1 and 2, this Security Deed secures the payment of the debt evidenced herein and includes present and future advances made pursuant to the debt, with interest and other charges thereon made to Grantor by Grantee prior to cancellation of this Security Deed. Such future advances, with interest thereon, shall be secured by this Security Deed when evidenced by modifications or other instruments stating that said advances are secured hereby. This Security Deed further secures any and all other indebtedness now owing or which may hereafter be owing by Grantor, or any of them, to Grantee, however incurred, and all renewal or renewals, extension or extensions, modification or modifications, consolidation or consolidations, additional and future advances of the agreement secured hereby or other indebtedness, either in whole or in part, whether direct or indirect, express or implied, absolute or contingent, due or to become due.

2. The original principal amount of the Debt (defined below) secured by this Security Deed is __SIXTY THOUSAND DOLLARS & 00/100__
($__60,000.00__) Dollars. The maturity date of the indebtedness is __February 22, 2023__.

3. The Debt, on the date hereof, is evidenced by a BB&T Home Equity Line Agreement of even date herewith from Grantor and may be evidenced by and shall be at all times deemed to include, any and all other notes or other Documents now or hereafter evidencing any debt whatsoever incurred by Grantor, or any of them, and payable to Grantee, the terms of which are incorporated herein by reference.

4. No execution of a written instrument or notation shall be necessary to evidence or secure any advances made hereunder. The period within which advances are to be made shall be the **fifteen** year period beginning on the date of this Security Deed.

5. The real property which is the subject of this Security Deed is located in the City of __ATLANTA__, in the County of __FULTON__, in the State of Georgia, and the legal description is set forth as follows and incorporated herein by reference thereto: See Exhibit "A" attached hereto and incorporated herein by this reference:

**Intangible Tax**

Note to Clerk: Intangible recording tax due in the amount of $ __180.00__, inasmuch as maturity date is beyond three (3) years-long term note; **or**

Note to Clerk: No intangible recording tax due, maturity date less than three (3) years-short term note.

EXHIBIT E

STATEMENT OF PURPOSE: In this Security Deed reference shall be made simply to the "Note or other Document", and such a reference is deemed to apply to all of the instruments which evidence or describe the Debt, or which secure its payment, and to all renewals, extensions and modifications thereof, whether heretofore or hereafter executed, and includes without limitation all writings described generally and specifically on the first page of this Security Deed in numbered paragraph 2. This Security Deed shall secure the performance of all obligations of Grantor and of any third party to Grantee which are described in this Security Deed, in the Note or other Document, and such performance includes the payment of the Debt. In this Security Deed the definition of "Debt" includes: (i) the principal; (ii) all accrued interest including possible fluctuations of the interest rate if so provided in the Note or other Document; (iii) all renewals, modifications, additional advances, or extension of any obligation under the Note or other Document (even if such renewals, modifications, additional advances, or extensions are evidenced by new notes or other documents); and (iv) all other obligations of Grantor to Grantee which are described in this Security Deed, or in the Note or other Document, (for example, payment of the attorneys fees of the Grantee, insurance premiums and ad valorem taxes); **(and (v) any and all other indebtedness, whether direct or indirect, owing to or to be owed by Grantor, or any of them, to Grantee).**

NOW THEREFORE, for the purposes and under the conditions described in this Security Deed and in consideration of the Debt and the mutual promises of Grantor and Grantee, and other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, Grantor hereby conveys to Grantee, with power of sale, the real property described in this Security Deed, together with any improvements, equipment and fixtures existing or hereafter placed on or attached to this real property all proceeds thereof and all other appurtenant rights and privileges. The term "the Property" shall include this real property any such improvements, fixtures, equipment and also appurtenant rights and privileges.

This Security Deed is intended to constitute a security agreement under the Uniform Commercial Code of the State of Georgia (the "Georgia UCC") and is further intended to operate and be construed as a deed passing title to the property to Grantee under the provisions of the laws of the State of Georgia relating to deeds to secure debt and not as a mortgage including without limitation Chapter 44-14 of the Official Code of Georgia Annotated and those items on Exhibit B attached hereto and incorporated herein by this reference, if applicable.

TO HAVE AND TO HOLD the Property, to Grantee, its successors and assigns, and under the terms and conditions of this Security Deed, to which Grantor and Grantee hereby agree:

1. PERFORMANCE BY GRANTOR. Grantor shall fulfill all of Grantor's obligations as specified in this Security Deed, the Note or other Document.

2. TAXES, DEEDS OF TRUST, OTHER ENCUMBRANCES. Grantor shall make timely payment of all ad valorem taxes, assessments or other charges or encumbrances which may constitute a lien upon the Property. Grantor shall timely pay and perform any obligation, covenant or warranty contained in any other Security Deed or writing (herein Other Security Deed) which gives rise to any or which may constitute a lien upon any of the Property. Grantor shall upon request of Grantee promptly furnish satisfactory evidence of such payment or performance. Grantor shall not enter into, terminate, cancel or amend any lease affecting the Property or any part thereof without the prior written consent of Grantee. Grantor shall timely pay and perform all terms of any lease or sublease of the Property or any part thereof.

3. INSURANCE. Grantor shall continuously maintain insurance on all improvements which are now existing and which might hereafter become part of the Property against loss by fire, flood and other hazards, casualties and contingencies in such amounts and for such periods as may be required from time to time by Grantee, and shall pay promptly, when due, any premiums on the insurance. If it is determined at any time that any of the Property is located in a flood hazard area as defined in the Flood Disaster Protection Act 1973, the Grantor shall obtain and maintain flood insurance on Property at Grantor's expense for as long as this Security Deed is in effect. Flood insurance coverage shall be in an amount equal to the lesser of (i) the maximum amount secured as set forth herein or (ii) the maximum limit of coverage made available for the particular type of property under applicable law. If Grantor shall fail to procure or maintain hazard or flood insurance coverage in the specified amount for the Property within a reasonable time of receiving notice from Grantee of either the requirement or of the lapse of an existing policy, Grantee may, but shall not be obligated to, expend for the account of Grantor any sums which may be necessary to purchase the required hazard or flood insurance, which shall be fully secured by this Security Deed and which shall accrue interest from the time expended until paid at the rate set forth in the Note or other Document. All insurance shall be carried with companies approved by Grantee and shall contain a loss payable clause (New York long form) in favor of and in a form acceptable to Grantee. Grantor shall cause all policies and renewals thereof to be delivered to the Grantee. In the event of loss, Grantor shall give immediate written notice to Grantee, and Grantee may make proof of loss if such is not made promptly by Grantor. Each insurer is hereby expressly authorized and directed to make payment for the loss directly and solely to Grantee. Grantee may apply the insurance proceeds, or any part thereof, in its sole discretion and at its option, either to the reduction of the Debt or to the restoration or repair of any portion of the Property damaged, but Grantee shall not be obligated to see to the proper application of any amount paid over to Grantor.

4. ESCROW DEPOSITS. Upon demand of Grantee, Grantor shall add to each payment required under the Note or other Document the amount estimated by Grantee to be sufficient to enable Grantee to pay as they become due all taxes, charges, assessments, and insurance premiums which Grantor is required to pay: Further, any deficiency occasioned by an insufficiency of such additional payments shall be deposited by Grantor with Grantee upon demand.

5. PRESERVATION AND MAINTENANCE OF THE PROPERTY. Grantor shall keep the Property in good order and repair as it now is (reasonable wear and tear excepted) and shall neither commit nor permit any waste or any other occurrence or use which might impair the value of the Property. Grantor shall not initiate or acquiesce in a change in the zoning classification of the Property or make or permit any structural alteration thereof without Grantee's prior written consent.

6. COMPLIANCE WITH LAWS. Grantor shall regularly and promptly comply with any applicable legal requirements of the United States, the State of Georgia or other governmental entity, agency or instrumentality relating to the use or condition of the Property.

7. CONDEMNATION AWARD. Any award for the taking of, or damages to, all or any part of the Property or any interest therein upon the lawful exercise of the power of eminent domain shall be payable solely to Grantee, which may apply the sums so received to payment of the Debt.

8. PAYMENT BY GRANTEE. If Grantor shall be in default in the timely payment or performance of any of Grantor's obligations, the Note or other document, under this Security Deed or Other Security Deed, Grantee may, but it is not obligated to, expend for the account of Grantor any sums, expenses and fees which Grantee believes appropriate for the protection of the Property and the maintenance and execution of this trust. Any amounts so expended shall be deemed principal advances fully secured by this Security Deed, shall bear interest from the time expended until paid at the rate of interest accruing on the Note or other Document, and shall be due and payable on demand.

9. RENTS AND PROFITS. Grantor hereby assigns to Grantee all future rents and profits from the Property as additional security for the payment of the Debt and for the performance of all obligations secured by this Security Deed. Grantor hereby appoints Grantee as Grantor's attorney-in-fact, which is coupled with an interest and is irrevocable to collect any rents and profits, with or without suit, and to apply the same, less expenses of collection, to the Debt or to any obligations secured by this Security Deed in any manner as Grantee may desire. However, until default under the Note or other Document or under this Security Deed, Grantor may continue to collect and retain the rents and profits without any accountability to Grantee. Grantee's election to pursue the collection of the rents or profits shall be in addition to all other remedies which Grantee might have and may be put into effect independently of or concurrently with any other remedy.

10. GRANTOR'S CONTINUING OBLIGATION. This Security Deed shall remain as security for full payment of the Debt and for performance of any obligation evidenced by the Note or other Document, notwithstanding any of the following: (a) the sale or release of all or any part of the Property; (b) the assumption by another party of Grantor's obligations under this Security Deed, the Note or other Document; (c) the forbearance or extension of time for payment of the Debt or for performance of any obligations under the Security Deed, the Note or other Document, whether granted to Grantor or to a subsequent owner of the Property; or (d) the release of any party who has assumed payment of the Debt or who assumed any other obligations under this Security Deed, the Note or other Document. None of the foregoing shall, in any way, affect the full force and effect of the lien of this Security Deed or impair Grantee's right to a deficiency judgement in the event of foreclosure against Grantor or any party who has assumed payment of the Debt or who assumed any other obligations the performance of which is secured by this Security Deed. Grantee may, in its sole discretion, from time to time waive or forebear from enforcing any provision of this Security Deed, and no such waiver or forbearance shall be deemed a waiver by Grantee of any right or remedy provided herein or by law or be deemed a waiver of the right at any later time to enforce strictly all provisions of this Security Deed and to execute any and all remedies provided herein and by law.

STATEMENT OF PURPOSE: In this Security Deed reference shall be made simply to the "Note or other Document", and such a reference is deemed to apply to all of the instruments which evidence or describe the Debt, or which secure its payment, and to all renewals, extensions and modifications thereof, whether heretofore or hereafter executed, and includes without limitation all writings described generally and specifically on the first page of this Security Deed in numbered paragraph 2. This Security Deed shall secure the performance of all obligations of Grantor and of any third party to Grantee which are described in this Security Deed, in the Note or other Document, and such performance includes the payment of the Debt. In this Security Deed the definition of "Debt" includes: (i) the principal; (ii) all accrued interest including possible fluctuations of the interest rate if so provided in the Note or other Document; (iii) all renewals, modifications, additional advances, or extension of any obligation under the Note or other Document (even if such renewals, modifications, additional advances, or extensions are evidenced by new notes or other documents); and (iv) all other obligations of Grantor to Grantee which are described in this Security Deed, or in the Note or other Document, (for example, payment of the attorneys fees of the Grantee, insurance premiums and ad valorem taxes); **(and (v) any and all other indebtedness, whether direct or indirect, owing or to be owed by Grantor, or any of them, to Grantee).**

NOW THEREFORE, for the purposes and under the conditions described in this Security Deed and in consideration of the Debt and the mutual promises of Grantor and Grantee, and other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, Grantor hereby conveys to Grantee, with power of sale, the real property described in this Security Deed, together with any improvements, equipment and fixtures existing or hereafter placed on or attached to this real property all proceeds thereof and all other appurtenant rights and privileges. The term "the Property" shall include this real property any such improvements, fixtures, equipment and also appurtenant rights and privileges.

This Security Deed is intended to constitute a security agreement under the Uniform Commercial Code of the State of Georgia (the "Georgia UCC") and is further intended to operate and be construed as a deed passing title to the property to Grantee under the provisions of the laws of the State of Georgia relating to deeds to secure debt and not as a mortgage including without limitation Chapter 44-14 of the Official Code of Georgia Annotated and those items on Exhibit B attached hereto and incorporated herein by this reference, if applicable.

TO HAVE AND TO HOLD the Property, to Grantee, its successors and assigns, and under the terms and conditions of this Security Deed, to which Grantor and Grantee hereby agree:

1. PERFORMANCE BY GRANTOR. Grantor shall fulfill all of Grantor's obligations as specified in this Security Deed, the Note or other Document.

2. TAXES, DEEDS OF TRUST, OTHER ENCUMBRANCES. Grantor shall make timely payment of all ad valorem taxes, assessments or other charges or encumbrances which may constitute a lien upon the Property. Grantor shall timely pay and perform any obligation, covenant or warranty contained in any other Security Deed or writing (herein Other Security Deed) which gives rise to any or which may constitute a lien upon any of the Property. Grantor shall upon request of Grantee promptly furnish satisfactory evidence of such payment or performance. Grantor shall not enter into, terminate, cancel or amend any lease affecting the Property or any part thereof without the prior written consent of Grantee. Grantor shall timely pay and perform all terms of any lease or sublease of the Property or any part thereof.

3. INSURANCE. Grantor shall continuously maintain insurance on all improvements which are now existing and which might hereafter become part of the Property against loss by fire, flood and other hazards, casualties and contingencies in such amounts and for such periods as may be required from time to time by Grantee, and shall pay promptly, when due, any premiums on the insurance. If it is determined at any time that any of the Property is located in a flood hazard area as defined in the Flood Disaster Protection Act 1973, the Grantor shall obtain and maintain flood insurance on Property at Grantor's expense for as long as this Security Deed is in effect. Flood insurance coverage shall be in an amount equal to the lesser of (i) the maximum amount secured as set forth herein or (ii) the maximum limit of coverage made available for the particular type of property under applicable law. If Grantor shall fail to procure or maintain hazard or flood insurance coverage in the specified amount for the Property within a reasonable time of receiving notice from Grantee of either the requirement or of the lapse of an existing policy, Grantee may, but shall not be obligated to, expend for the account of Grantor any sums which may be necessary to purchase the required hazard or flood insurance, which shall be fully secured by this Security Deed and which shall accrue interest from the time expended until paid at the rate set forth in the Note or other Document. All insurance shall be carried with companies approved by Grantee and shall contain a loss payable clause (New York long form) in favor of and in a form acceptable to Grantee. Grantor shall cause all policies and renewals thereof to be delivered to the Grantee. In the event of loss, Grantor shall give immediate written notice to Grantee, and Grantee may make proof of loss if such is not made promptly by Grantor. Each insurer is hereby expressly authorized and directed to make payment for the loss directly and solely to Grantee. Grantee may apply the insurance proceeds, or any part thereof, in its sole discretion and at its option, either to the reduction of the Debt or to the restoration or repair of any portion of the Property damaged, but Grantee shall not be obligated to see to the proper application of any amount paid over to Grantor.

4. ESCROW DEPOSITS. Upon demand of Grantee, Grantor shall add to each payment required under the Note or other Document the amount estimated by Grantee to be sufficient to enable Grantee to pay as they become due all taxes, charges, assessments, and insurance premiums which Grantor is required to pay. Further, any deficiency occasioned by an insufficiency of such additional payments shall be deposited by Grantor with Grantee upon demand.

5. PRESERVATION AND MAINTENANCE OF THE PROPERTY. Grantor shall keep the Property in good order and repair as it now is (reasonable wear and tear excepted) and shall neither commit nor permit any waste or any other occurrence or use which might impair the value of the Property. Grantor shall not initiate or acquiesce in a change in the zoning classification of the Property or make or permit any structural alteration thereof without Grantee's prior written consent.

6. COMPLIANCE WITH LAWS. Grantor shall regularly and promptly comply with any applicable legal requirements of the United States, the State of Georgia or other governmental entity, agency or instrumentality relating to the use or condition of the Property.

7. CONDEMNATION AWARD. Any award for the taking of, or damages to, all or any part of the Property or any interest therein upon the lawful exercise of the power of eminent domain shall be payable solely to Grantee, which may apply the sums so received to payment of the Debt.

8. PAYMENT BY GRANTEE. If Grantor shall be in default in the timely payment or performance of any of Grantor's obligations, the Note or other document, under this Security Deed or Other Security Deed, Grantee may, but it is not obligated to, expend for the account of Grantor any sums, expenses and fees which Grantee believes appropriate for the protection of the Property and the maintenance and execution of this trust. Any amounts so expended shall be deemed principal advances fully secured by this Security Deed, shall bear interest from the time expended until paid at the rate of interest accruing on the Note or other Document, and shall be due and payable on demand.

9. RENTS AND PROFITS. Grantor hereby assigns to Grantee all future rents and profits from the Property as additional security for the payment of the Debt and for the performance of all obligations secured by this Security Deed. Grantor hereby appoints Grantee as Grantor's attorney-in-fact, which is coupled with an interest and is irrevocable to collect any rents and profits, with or without suit, and to apply the same, less expenses of collection, to the Debt or to any obligations secured by this Security Deed in any manner as Grantee may desire. However, until default under the Note or other Document or under this Security Deed, Grantor may continue to collect and retain the rents and profits without any accountability to Grantee. Grantee's election to pursue the collection of the rents or profits shall be in addition to all other remedies which Grantee might have and may be put into effect independently of or concurrently with any other remedy.

10. GRANTOR'S CONTINUING OBLIGATION. This Security Deed shall remain as security for full payment of the Debt and for performance of any obligation evidenced by the Note or other Document, notwithstanding any of the following: (a) the sale or release of all or any part of the Property; (b) the assumption by another party of Grantor's obligations under this Security Deed, the Note or other Document; (c) the forbearance or extension of time for payment of the Debt or for performance of the Security Deed, the Note or other Document, whether granted to Grantor or to a subsequent owner of the Property; or (d) the release of any party who has assumed payment of the Debt or who assumed any other obligations under this Security Deed, the Note or other Document. None of the foregoing shall, in any way, affect the full force and effect of the lien of this Security Deed or impair Grantee's right to a deficiency judgement in the event of foreclosure against Grantor or any party who has assumed payment of the Debt or who assumed any other obligations the performance of which is secured by this Security Deed. Grantee may, in its sole discretion, from time to time waive or forbear from enforcing any provision of this Security Deed, and no such waiver or forbearance shall be deemed a waiver by Grantee of any right or remedy provided herein or by law or be deemed a waiver of the right at any later time to enforce strictly all provisions of this Security Deed and to execute any and all remedies provided herein and by law.

warranties if Grantee shall so elect, and to this end, Grantor hereby constitutes and appoints Grantee, its agent and attorney-in-fact to make such conveyance and to thereby divest Grantor of all rights, title, interest, equity and equity of redemption that Grantor may have in and to the Property and to vest the same in the purchaser or purchasers at such sale or sales, and all of the acts and doing of said agent and attorney in fact are hereby ratified and confirmed and any recitals in said conveyance or conveyances as to facts essential to a valid sale shall be binding upon Grantor. The aforesaid power of sale, conveyance, and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, are granted as cumulative of the other remedies provided hereby or by law for collection of the indebtedness secured hereby and shall not be exhausted by one exercise thereof but may be exercised until full payment of all indebtedness secured hereby is paid in full.

In the event of any such foreclosure sale by Grantee, Grantor shall be deemed a tenant holding over and shall forthwith deliver possession to the purchaser or purchasers at such sale or sales or be summarily dispossessed as a tenant at sufferance according to the provisions of law applicable to tenants holding over.

Grantee may adjourn from time to time any sale by it to be made under or by virtue of this Security Deed by announcement at the time and place appointed for such sale, and except as otherwise provided by any applicable law, Grantee, without further notice of publication and may make such sale at the time and place to which the same shall be so adjourned. In the event of any sale of the Property or any part thereof, the proceeds of said sale shall be applied first to the expenses of such sale and all proceedings in connection therewith including reasonable attorneys' fees and costs of collection, then to taxes and insurance and other items advanced by Grantee to preserve its interest in the Property, then to the payment of late charges and other charges, then to the payment of accrued and unpaid interest, then to the payment of any outstanding principal balance to the Note, with the balance of the secured indebtedness, if any, to Grantor or other creditors if required by applicable law. Grantee at Grantee's option is authorized to foreclose this deed subject to the rights of any tenants of the Property, and the failure to make any such tenants parties to such foreclosure proceedings and to foreclose their rights will not be, nor be asserted to be by Grantor, a defense to any proceedings instituted by Grantee to collect the secured indebtedness.

Further, if a default shall have occurred and be continuing, Grantee may, in addition to the other rights and remedies provided in this Instrument, either with or without entry of taking possession as provided herein or otherwise, proceed by a suit or suits in law or in equity or by any other appropriate proceeding or remedy (i) to enforce payment of the Note or the performance of any term, covenant, condition or agreement of this Security Deed or other loan documents, or any other rights and (ii) to pursue any other remedies available to it, all as Grantee shall determine most effectual for such purposes, including, but not limited to, the exercise of all rights and remedies available to Grantee as a secured party under the Uniform Commercial Code as enacted in the State of Georgia and to exercise all rights and remedies provided to Grantee under the Assignment of Leases conveyed to Grantee in connection with this Loan. In case Grantee shall have proceeded to enforce any right, power or remedy under this Security Deed by foreclosure, entry or otherwise, and such proceeding shall have been discontinued or abandoned for any reason, or shall have been determined adversely to Lender, then and in every such case, Grantor and Grantee shall be restored to their former positions and rights hereunder, and all rights, powers and remedies of Grantee shall continue as if no such proceeding had taken place. Grantee shall have the power (i) to institute and maintain any suits and proceedings as Grantee may deem expedient to prevent any impairment of the Property by acts which may be unlawful or any violation of the Security Deed; (ii) to preserve or protect its interest in the Property and in the rents, issues, profits and revenues arising therefrom; and (iii) to restrain the enforcement of or compliance with any legislation or other governmental enactment, rule or order that may be unconstitutional or otherwise invalid, if the enforcement of or compliance with such enactment, rule or order would impair the security hereunder or be prejudicial to the interests of Grantee. In the case of any receivership, insolvency, bankruptcy, reorganization, arrangement, adjustment, composition or other proceedings affecting Grantor or the creditors or property of Grantor, Grantee, to the extent permitted by law, shall be entitled to file such proofs of claim and other documents as may be necessary or advisable in order to have the claims of Grantee allowed in such proceedings for the entire amount of the indebtedness at the date of the institution of such proceedings and for any additional portion of the indebtedness accruing after such date.

In addition, if a default shall have occurred and be continuing, Grantee, upon application to a court of competent jurisdiction, shall be entitled as a matter of right without notice and without regard to the occupancy or value of any security for the indebtedness or the solvency of any party bound for its payment, to the appointment of a receiver to take possession of and operate the Property and collect and apply the revenues. The receiver shall have all of the rights and powers permitted under the laws of the State of Georgia. Grantor will pay to Grantee upon demand, all expenses, including receivers' fees, reasonable attorneys' fees, costs and agent's compensation, all incurred pursuant to such receiver appointment and all such expenses could be considered a portion of the indebtedness secured hereby.

19. **RELEASE AND CANCELLATION.** Upon fulfillment of all of obligations, the performance of which is secured by this Security Deed, and upon payment of the Debt, this Security Deed and the Note or other Document shall be marked "Satisfied" and returned to Grantor, and this conveyance shall be null and void and may be cancelled of record at the request and cost of Grantor, and title to the Property shall revest as provided by law.

20. **MISCELLANEOUS.** The captions and headings of the paragraph of this Security Deed are for convenience only and shall not be used to interpret or define any provisions. All remedies provided herein are distinct and cumulative to any other right or remedy under this Security Deed or afforded by law or equity, and may be exercised concurrently, independently or successively. All covenants contained herein shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors or assigns. Whenever used the singular number shall include the plural, and the plural the singular, and the use of any gender shall be applicable to all genders, This Security Deed shall be governed by and construed under Georgia law. Any forbearance by Grantee in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Grantee shall not be a waiver of Grantee's right to accelerate the maturity of the Debt. Time is of the essence in the payment or performance of any of the obligations, or of any covenant or warranty contained in this Security Deed or in the Note, or other Document, and riders, exhibits or addenda attached hereto shall be deemed incorporated herein by this reference.

IN TESTIMONY WHEREOF, each Grantor has hereunto set his/hers/its hand and adopted as his/her/its seal the word "SEAL" appearing beside or near his/her/its signature, this sealed instrument being executed and delivered on the date first above written.

Grantor: _____ (SEAL)   Grantor: _____ (SEAL)
DEONEICO DONTE MING                         TIFFANYE MADDOX MING

Grantor: _____ (SEAL)   Grantor: _____ (SEAL)

Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

_____
Notary Public

Commission Expiration: _____

The debt which this instrument was given to secure having been paid in full, this instrument is hereby cancelled and the Clerk of Superior Court of _____ County is hereby authorized and directed to mark it satisfied of record. This _____ day of _____, _____.

By: _____

_____
(Print Name)

_____
(Title)
Witness: _____

1581GA (0707)                              Page 4 of 5

Deed Book 46436 Pg 433

**EXHIBIT**

GRANTOR: Deoneico Donte Ming + Tiffanye Maddox Ming
LENDER: BB+T
DATE OF SECURITY DEED: Feb. 22, 2008

### WAIVER OF BORROWER'S RIGHTS

BY EXECUTION OF THE PARAGRAPH, GRANTOR EXPRESSLY: (1) ACKNOWLEDGES THE RIGHT TO ACCELERATE THE DEBT AND THE POWER OF ATTORNEY GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS OF SAID SECURITY DEED; (2) WAIVES ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IN SPECIFICALLY REQUIRED TO BE PROVIDED IN SAID SECURITY DEED; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS SECURITY DEED AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED; (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION; (5) ACKNOWLEDGES THAT GRANTOR'S RIGHTS TO NOTICE SHALL BE LIMITED TO THOSE RIGHTS TO NOTICE PROVIDED IN THIS SECURITY DEED AND NO OTHER; AND (6) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

READ AND AGREED BY GRANTOR:
Signed, sealed and delivered in the presence of:

_____ (SEAL)
Grantor

_____ (SEAL)
Grantor

_____ (SEAL)
Grantor

_____ (SEAL)
Grantor

Witness



5 of 5

ACCOUNT# / NOTE#
9044819683    05998

1574GA (0702)

Deed Book 46436 Pg 434
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

# EXHIBIT A

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING LAND LOT 80 OF THE 14TH DISTRICT, FULTON COUNTY, GEORGIA AND BEING LOT 49, GUILFORD ESTATES SUBDIVISION, PHASE 1, AS PER PLAT RECORDED AT PLAT BOOK 231, PAGES 145-149, FULTON COUNTY, GEORGIA RECORDS AND BEING INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE AND MORE COMMONLY KNOWN AS 4820 GUILFORD FOREST DRIVE, ATLANTA, GEORGIA.

Permanent Parcel Number:  14F008000010684
EMMA JEAN OLDS AND DEONEICO DONTE MING AND TIFFANYE MADDOX MING AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP

4820 GUILFORD FOREST DRIVE SW, ATLANTA GA 30331
Loan Reference Number  :  90448196835998/8417006
First American Order No:  14048496
Identifier: FIRST AMERICAN LENDERS ADVANTAGE

MING
14048496
GA
FIRST AMERICAN LENDERS ADVANTAGE
DEED OF TRUST