UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In Re:  :
DEONEICO DONTE MING,  :
 :   CHAPTER 11
    Debtor  :   CASE NO. 15-54627-JRS
 :
 :   JUDGE SACCA

**DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**

Debtor's First Amended Plan of Reorganization (this "Plan") is filed in accordance with Section 1121, 1122, 1123, and 1124 of the Bankruptcy Code, and supercedes the Plan of Reorganization previously filed in this Case [Doc. No. 88].

**ARTICLE I**
**SUMMARY**

This Plan under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors from rental income, from salary earned by the Debtor after the confirmation of this Plan, and from the liquidation by Debtor of exempted property.

This Plan does not provide the same treatment for all creditors and, for this reason, there are multiple classes of creditors. Each claim within a class will be treated the same. Creditors whose claims are secured property of the estate[1] will be paid the full value of the collateral or the full value of the claim; whichever is less. The amounts owing to secured creditors will include principal and interest payments.

Unsecured creditors arising from consumer debt will be paid approximately 30% of their claim in lump sum within sixty days after confirmation. Unsecured creditors with deficiency claims from real estate will be paid not less than $6,000 from

---

[1] Property of the estate is defined in §541 of the Bankruptcy Code and on the Definitions exhibit to Debtor's Disclosure Statement.

rental income, to be distributed pro-rata over time.

# ARTICLE II
# CLASSIFICATION OF CLAIMS AND INTERESTS

2(a)   Priority tax claims under Code §507(8), if any.  This Class is *unimpaired*.

2(b)   Claim of Southeast Toyota Finance. *This Class is unimpaired*.

2( c)   Claim of Mercedes Benz Financial Services.  *This Class is unimpaired*.

2(d)   Claim of JP Morgan Chase Bank secured by Debtor's primary residence 4820 Guilford Forest Drive, Atlanta, Georgia.  *This class is impaired*.

2.1   Claim of Chase secured by 6320 Love Street, Austell, Georgia.  *This claim is impaired*.

2.2   Claim of Opteum Mortgage (Seterus Servicer) secured by 3869 Branch Drive, Atlanta, Georgia.  *This class is impaired*.

2.3   Claim of Opteum Mortgage (GreenTree servicer) secured by 3192 Ardley Road WS, Atlanta, Georgia. *This class is impaired*.

2.4   Claim of Countrywide Bank (GreenTree servicer) secured by 3122 Spreading Oak Drive SW, Atlanta, Georgia. *This class is impaired*.

2.5   Claim of Opteum Mortgage (NationStar servicer) secured by 2245 Britley Terrace, Atlanta, Georgia. *This class is impaired*.

2.6   Claim of U.S. Bank secured by 3585 Parc Circle, Atlanta, Georgia. *This class is impaired*.

2.7   Claims of general unsecured creditors for consumer debt. *This class is impaired*.

2.8   Claims creditors for deficiency claims of otherwise secured claims. *This class is impaired*.

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE AND PRIORITY CLAIMS

Under §1123(a)(1) of the Bankruptcy Code, 11 U.S.C.§§101 *et seq*., administrative expense claims are not in classes and accordingly, are considered unclassified claims. Each holder of an administrative expense claim allowed under §

503 of the Code will be paid in full on the Effective Date[2] of this Plan in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. This includes any U.S. Trustee fees owed on or before the Effective Date of this Plan.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

A.   UNIMPAIRED/UNCLASSIFIED CLAIMS

AS UNIMPAIRED CLAIMS THESE CLAIMANTS ARE CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN, AND SOLICITATION OF ACCEPTANCES AS TO HOLDERS OF SUCH CLAIMS IS NOT REQUIRED PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE.

4(a)   **Claims of Tax Commissioners for unpaid real estate taxes**. [Claim No. 7]. Several County Tax Commissioners filed claims in this case for 2015 property taxes, which are not yet due and owing. All property taxes that become due and owing during this case or after confirmation of the plan will be timely paid by the Debtor or the reorganized Debtor.

4(b)   **Claim of World Omni Financial Corp. secured by 2011 Toyota Prius automobile** [Claim No. 10] will not be modified by the confirmation of this Plan and will be paid according to the terms and conditions currently in place, or as otherwise modified with the consent of the Claimant.

4©   **Claim of Mercedes Benz Financial Services secured by 2010 Mercedes C300W automobile** [Claim No. 3] will not be modified by the confirmation of this Plan and will be paid according to the terms and conditions currently in place, or as otherwise modified with the consent of the Claimant.

4(d)   **Claim of Select Portfolio Servicing, Inc., as servicer for U.S. Bank NA, Trustee for the HomeBanc Mortgage Trust 2005-1 secured by Debtor's primary residence 4820 Guilford Forest Drive, Atlanta, Georgia.** [Claim No. 12] Will be paid according to the terms agreed upon by th Debtor and the Creditor. The full principal obligation of $468,327.36 is currently amortized at an adjustable interest rate of 2.625% over a period of 30 years. A loan

---

[2]*Effective Date* is the first day of the next month following the entry by the Court of the Order of Confirmation.

modification is being processed, and monthly payments of principal and interest are expected to be $1,918.73.  The Claimant will retain its lien on said property to the same validity and priority that existed on the Petition Date.

B.  **IMPAIRED CLASSES**

THE HOLDER OF AN IMPAIRED CLAIM OR INTEREST MAY VOTE TO ACCEPT OR REJECT THE PLAN PURSUANT TO SECTION 1126(A) OF THE BANKRUPTCY CODE.

4.1  **Class 1: Claim of Chase secured by 6320 Love Street, Austell, Georgia.** The value of this property securing this claim is $92,000.00, and the claimant will be paid the full value of the property with interest at the rate of 4% per annum, amortized over a period of seven years, or 84 months.  Monthly payments of principal and interest in the amount of $1,257.53  will commence on the Effective Date and continue monthly for 83 additional months.  The Claimant will retain its lien on said property to the same validity and priority that existed on the Petition Date, but only to the extent of the allowed secured claim. The amount the Claimant's claim above the allowed secured claim will be reclassified as a general unsecured claim in Class 8. The Debtor will  pay all taxes on this property as they become due, and will maintain insurance on the property designating the Claimant as an additional loss-payee on such policy of insurance.  Upon the entry of an order discharging the Debtor in this Case, the Claimant will mark the security deed and any other instruments recorded in the public records asserting lien rights to this property as satisfied and released.

4.2  **Class 2:  Claim of Opteum Mortgage (Seterus servicer) secured by 3869 Branch Drive, Atlanta, Georgia.**  The value of this property securing this claim is $28,000.00, and the claimant will be paid the full value of the property, with interest at the rate of 3.25% amortized over a period of sixty months.  Monthly payment of principal and interest in the amount of $506.24 will commence on the Effective Date and will continue monthly for 59 additional months.  The Claimant will retain its lien on said property to the same validity and priority that existed on the Petition Date, but only to the extent of the allowed secured claim. The amount the Claimant's claim above the allowed secured claim will be reclassified as a general unsecured claim in Class 8. The Debtor will  pay all taxes on this property as they become due, and will maintain insurance on the property designating the Claimant as an additional loss-payee on such policy of insurance.  Upon the entry of an order discharging the Debtor in this Case, the Claimant will mark the security deed and any other

instruments recorded in the public records asserting lien rights to this property as satisfied and released.

4.3   **Class 3:  Claim of Opteum Mortgage (Green Tree Servicing, LLC) Secured by 3192 Ardley Road SW, Atlanta, Georgia**. [Claim No. 9]The value of this property securing this claim is $48,100.00, and the claimant will be paid the full value of the property, with interest at the rate of 3.25% amortized over a period of seven years, or 84 months.  Monthly payment of principal and interest of $640.99 will commence on the Effective Date and will continue for 83 additional months.  The Claimant will retain its lien on said property to the same validity and priority that existed on the Petition Date, but only to the extent of the allowed secured claim. The amount the Claimant's claim above the allowed secured claim will be reclassified as a general unsecured claim in Class 8. The Debtor will  pay all taxes on this property as they become due, and will maintain insurance on the property designating the Claimant as an additional loss-payee on such policy of insurance.  Upon the entry of an order discharging the Debtor in this Case, the Claimant will mark the security deed and any other instruments recorded in the public records asserting lien rights to this property as satisfied and released.

4.4   **Class 4:  Claim of Countrywide Bank (GreenTree Servicing, LLC) secured by 3122 Spreading Oak Drive SW, Atlanta, Georgia.** [Claim No. 8]  The value of this property securing this claim is $57,781.53 and the claimant will be paid the full value of the property, with interest at the rate of 3.25% amortized over a period of seven years, or 84 months.  Monthly payments of principal and interest of $770.016 will commence on the Effective Date and continue for 83 additional months.  The Claimant will retain its lien on said property to the same validity and priority that existed on the Petition Date, but only to the extent of the allowed secured claim. The amount the Claimant's claim above the allowed secured claim will be reclassified as a general unsecured claim in Class 8. The Debtor will  pay all taxes on this property as they become due, and will maintain insurance on the property designating the Claimant as an additional loss-payee on such policy of insurance.  Upon the entry of an order discharging the Debtor in this Case, the Claimant will mark the security deed and any other instruments recorded in the public records asserting lien rights to this property as satisfied and released.

4.5   **Class 5: Claim of Nationstar Mortgage secured by 2245 Britley Terrace, Atlanta, Georgia** [Claim No. 11]. The value of this property securing this claim is $43,267.50, and the claimant will be paid the full value of the property,

with interest at the rate of 4.0% amortized over a period of seven years, or 84 months. Monthly payment of principal and interest in the amount of $591.41 will commence on the Effective Date and continue for 83 additional months. The Claimant will retain its lien on said property to the same validity and priority that existed on the Petition Date, but only to the extent of the allowed secured claim. The amount the Claimant's claim above the allowed secured claim will be reclassified as a general unsecured claim in Class 8. The Debtor will pay all taxes on this property as they become due, and will maintain insurance on the property designating the Claimant as an additional loss-payee on such policy of insurance. Upon the entry of an order discharging the Debtor in this Case, the Claimant will mark the security deed and any other instruments recorded in the public records asserting lien rights to this property as satisfied and released.

4.6     **Class 6: Claim of U.S. Bank secured by 3585 Parc Circle, Atlanta, Georgia.** Claimant will be permitted to foreclose on this property in full satisfaction of its claim, consistent with the Order confirming the Chapter 11 Clan of Reorganization the Wife's Chapter 11 Case. Until such time s the Claimant completes the foreclosure process, the Debtor will continue to lease the property, pay taxes on the property, keep the property insured, pay the homeowner association fees, and use excess rental income to fund the Plan.

4.7     **Class 7: Claims of general unsecured creditors for consumer debt**. Claims in this class will be paid pro rata from a fund of $5,000.00, which funds will be new value contributed by the Debtor from exempted property. Distribution of said amount will be within sixty days of the Effective Date.

4.8     **Class 8: Claims for deficiency claims of unsecured creditors.** Claimants in this class were granted lien rights, but the property securing such claims has a value of less than their total claim. Claims in this class will share in total distributions of not less than $6,000.00. Quarterly distributions to the class will be $250.00 and pro-rata payments of said amount will commence 3 months after the Effective Date and continue every three months for 23 additional quarters or until distributions to all creditors total $6,000.00. If the Class 7 claimant does not foreclose on the property located at 3585 Parc Circle, income from the rental property will be paid to Class 8 Claimants after the payment of all priority and administrative claims.

### ARTICLE V
### ALLOWANCE AND DISALLOWANCE OF CLAIMS

a.  **Pre-petition Claims**: A disputed claim is a claim that has not been allowed

or disallowed by a final non-appealable order, and as to which either: (I) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. The Debtor has the power and authority to settle and compromise a disputed claim with court approval and in compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

b. **Administrative Claims:** Any person seeking approval of an administrative claim, other than the statutory fees of the United States Trustee, must file an application with the Court for approval of such administrative claim within thirty days after the Effective Date.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtor is the lessor of various real property leases on rental properties owned by the Debtor.  The Debtor will assume all such leases, unless expressly rejected elsewhere in this Plan.  Any other leases or executory contracts not expressly assumed by this Plan, or by separate order of the Bankruptcy Court, will be rejected upon confirmation of this Plan.

## ARTICLE VII
## DEFAULT

In the event the Debtor fails to perform any of its obligations under this Plan, the Debtor shall be in Default.  If the Debtor defaults under the provisions of this Plan, any creditor or party-in-interest desiring to assert such a default shall provide the Debtor with written notice of the alleged default.  The Debtor shall have 30 days from the receipt of the written notice in which to cure the default.  Such notice shall be

delivered by certified mail, return receipt requested, to the debtor at the following address

> D. Donte Ming
> 4820 Guilford Forrest Drive
> Atlanta, GA 30331

with a copy to attorneys for the Debtor at the address stated on the final page hereof.

IF THE DEFAULT IS NOT CURED, ANY CREDITOR OR PARTY-IN-INTEREST MAY EXERCISE ANY AND ALL AVAILABLE LEGAL REMEDIES TO COLLECT THE ACCELERATED BALANCE OF THEIR PAYMENTS DUE UNDER THE PLAN.

## ARTICLE VIII
## GENERAL PROVISIONS

**A. Definitions and Rules of Construction.** The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. These definitions are supplemented by the definitions listed in the DEFINITIONS attached to as **Exhibit A.**

**B . Severability.** If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**C. Binding Effect.** The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**D. Captions.** The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**E. Controlling Effect**. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Georgia govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

The Debtor will be discharged from any debt that arose before confirmation of this Plan on completion of all payments under this Plan, or as otherwise provided pursuant to §1141(d)(5) of the Code. The entry of an order discharging the Debtor will void any judgment and will operate as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any debt as a personal liability of the debtor pursuant to §524 of the Code, unless specifically excepted from discharge by §524 or other provisions of the Code; except that the Debtor will not be discharged of any debt (I) imposed by this Plan; (ii) of a kind specified in §1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007( c) of the Bankruptcy Rules; or (iii) of a kind specified in §1141(d)(6)(B).

## ARTICLE X
## OTHER PROVISIONS

The Provisions of this Plan of Reorganization satisfy the statutory requirements of a confirmable Plan when approved by creditors and the Court. The Debtor believes that confirmation of this Plan of Reorganization is the most reasonable means for making a meaningful distribution to creditors of Deoneico Donte Ming. The Debtor urges all claimants to vote for the acceptance of this Plan of Reorganization.

Counsel for Debtor-in-Possession,

 */S/ Edward F. Danowitz*
Edward F. Danowitz, Jr.
Ga. Bar No. 003180
Edanowitz@danowitzlegal.com

***Danowitz & Associates, P.C.***
300 Galleria Parkway
Suite 960
Atlanta, GA 30339
770-933-0960